**United States District Court
Southern District of New York**
_____

| | |
|---|---|
| **U.S. BANK NATIONAL ASSOCIATION,** | **12 Civ. 423 (JGK)** |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| - against - | |
| **NESBITT BELLEVUE PROPERTY LLC, ET AL.,** | |
| Defendants. | |

_____

**JOHN G. KOELTL, District Judge:**

The Court has issued an Order Appointing Receiver in this case, and now temporarily stays that Order until **Monday, June 11, 2012 at noon,** in order to allow the defendants an opportunity to seek a stay from the Court of Appeals for the Second Circuit. The Court declines to stay the Order for any further time.

The 14-day automatic stay that generally applies to judgments by a district court does not apply in the case of receiverships, "unless the court orders otherwise." See Fed. R. Civ. P. 62(a)(1). When considering whether to stay an Order pursuant to Rule 62 of the Federal Rules of Civil Procedure, courts in this circuit consider "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will

1

substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" Front Carriers Ltd. v. Transfield ER Cape Ltd., No. 07 Civ. 6333, 2010 WL 571967, at *1 (S.D.N.Y. Feb. 15, 2010) (quoting In re World Trade Ctr. Disaster Site Litig., 503 F.3d 167, 170 (2008)); HC Trading Intern. Inc. v. Crossbow Cement, SA, No. 08 Civ. 11237, 2009 WL 4931341, at *1 (S.D.N.Y. Dec. 21, 2009) ("The traditional factors that the Court must consider in deciding a discretionary motion to stay are: (1) whether the movant has demonstrated a 'substantial possibility, although less than a likelihood, of success on appeal,' (2) whether the movant will suffer irreparable injury absent a stay, (3) whether the non-movant will suffer substantial injury if a stay is issued, and (4) the public interests that may be affected." (quoting Hirschfeld v. Bd. of Elections in City of New York, 984 F.2d 35, 39 (2d Cir. 1993)).  The Court treats these factors "somewhat like a sliding scale," and the necessary level of success on the merits will vary according to the Court's assessment of the other factors.  Thapa v. Gonzalez, 460 F.3d 323, 334 (2d Cir. 2006)).

Even when these factors are not met, Courts in this Circuit have granted temporary stays in order to allow a party to seek a stay from our Court of Appeals, see Front Carriers, 2010 WL 571967, at *1; HC Trading, 2009 WL 4931341, at *3, and our Court

of Appeals has noted this practice favorably.  See Diorinou v. Mezitis, 237 F.3d 133, 138 (2d Cir. 2001) ("The District Court helpfully stayed its order until November 30 to permit Mezitis to seek a stay pending appeal from this Court.").  Ultimately, a stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case."  Nken v. Holder,  556 U.S. 418, 433 (2009) (internal quotation marks and alteration omitted).

In this case, the defendants have raised several close questions of law such that there is some possibility, although not a likelihood, of success on appeal.  The appointment of a receiver will result in a permanent change in the control of the defendants' property, and thus cause substantial disruption for the defendants.  Moreover, while the Court has found that the appointment of a receiver is warranted in this case, the risk of substantial or irreparable injury to the plaintiffs from a temporary stay of only a few days is minimal.

The Court has issued a temporary stay for only six days to allow an application to the Court of Appeals to stay the Order Appointing a Receiver for the duration of any appeal.  The Court declines to issue any further stay because the equitable factors argue strongly against any further stay.  While the defendants have raised substantial issues, for the reasons explained in this Court's decisions denying the motions to dismiss and

3

granting the application for a receiver, those arguments are unlikely to succeed.  Moreover, the balance of the equities argues against the granting of a stay.  The appointment of a receiver should not result in irreparable harm to the defendants because the receiver is being appointed to preserve the value of the collateral for the loans to the defendants.  On the other hand, staying the appointment of the receiver risks irreparable harm to the collateral as a result of the fact that the franchises for the eight properties at issue in this case are imperiled because the defendants are in substantial arrears on their debt obligations and lack the funds to make necessary improvements to preserve the franchises.

The Court does grant the temporary stay to allow the Court of Appeals to determine whether a further stay is warranted.  Contrary to the plaintiff's argument, the defendants were not required to request this temporary stay.  It is rather issued pursuant to the good practice endorsed by the Court of Appeals.  See, e.g., Diorinou, 237 F.3d at 138.

## CONCLUSION

The Order Appointing Receiver is stayed only until Monday, June 11, 2012 at noon, to allow the defendants to seek a stay of that Order from the Court of Appeals for the Second Circuit.

SO ORDERED.

Dated:   New York, New York
         June 5, 2012

　　　　　　　　　　　　　　　　　　　　John G. Koeltl
　　　　　　　　　　　　　　　　　　　　United States District Judge