**United States District Court**
**Southern District of New York**
_____

| | |
|---|---|
| **U.S. BANK NATIONAL ASSOCIATION,** | **12 Civ. 423 (JGK)** |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| - against - | |
| **NESBITT BELLEVUE PROPERTY LLC, ET AL.,** | |
| Defendants. | |

_____

**JOHN G. KOELTL, District Judge:**

The defendants have moved pursuant to Local Rule 6.3 for reconsideration of the Court's May 7, 2012 Opinion and Order denying the defendants' motion to dismiss for lack of subject matter jurisdiction. See U.S. Bank Nat. Ass'n v. Nesbitt Bellevue Property LLC, --- F. Supp. 2d ----, No. 12 Civ. 423, 2012 WL 1590518 (S.D.N.Y. May 7, 2012). The Court assumes the parties' familiarity with the facts and procedural history of this case.

The standard to be applied to a motion for reconsideration under Local Rule 6.3 is well-established. It is the same as the standard that was applied under former Local Civil Rule 3(j). See United States v. Letscher, 83 F. Supp. 2d 367, 382 (S.D.N.Y. 1999) (collecting cases). The moving party is required to demonstrate that "the Court [ ] overlooked controlling decisions or factual matters that were put before it on the underlying

1

motion, and which, had they been considered, might have reasonably altered the result before the court." Vincent v. Money Store, No. 03 Civ. 2876, 2011 WL 5977812, at *1 (S.D.N.Y. Nov. 29, 2011) (citation omitted).

The decision to grant or deny a motion for reconsideration "rests within the sound discretion of the district court." Id. The rule "is narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered by the court." Walsh v. McGee, 918 F. Supp. 107, 110 (S.D.N.Y. 1996) (internal quotation marks and citation omitted); see also Eaton Vance Mut. Funds Fee Litig., 403 F. Supp. 2d 310, 313 (S.D.N.Y. 2005), aff'd, Bellikoff v. Eaton Vance Corp., 481 F.3d 110 (2d Cir. 2007); Vincent, 2011 WL 5977812, at *1.

The defendants have not raised any controlling law or facts that the Court overlooked which might reasonably altered the Court's previous decision.  The defendants argue that the Court overlooked the independent financial interest that Torchlight Investors, LLC ("Investors"), the parent company of the special servicer Torchlight Loan Services, LLC ("Torchlight Services"), has in this case.  However, the Court considered this argument, and did not find it persuasive.  See U.S. Bank, 2012 WL 1590518, at *3 & n.5.  The defendants point out that Investors is not actually a beneficiary of the Trust, but rather it is the manager of a fund that is a beneficiary.  This distinction would

2

not have altered the Court's decision. See id. at *4 ("Where multiple parties all have a financial interest in a lawsuit, a strategic choice of parties in order to maintain diversity is not considered to be collusive so long as the party chosen to bring the suit is in fact the master of the litigation." (quoting Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 195 (2d Cir. 2003)).

The defendants also argue that Torchlight Services is paid fees for acting as an agent in servicing the loans at issue in this case. But the fact that an agent is paid a fee does not make it a necessary party for the purposes of determining diversity. Were that not the case, it would be difficult to reconcile the numerous cases where the citizenship of agents was not considered for the purposes of diversity.

## CONCLUSION

The Court has carefully considered all of the parties' arguments. To the extent not specifically addressed above, they are either moot or without merit. For the reasons stated above, the defendants' motion for reconsideration is **denied**. The Clerk is directed to close Docket No. 66.

SO ORDERED.

Dated:   New York, New York
         June 5, 2012

/s/ John G. Koeltl
John G. Koeltl
United States District Judge

3